Olmedo, Peticionaria y Apelada, *v.* Reyes, Opositora y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre aprobación de testamentaría.

No. 1658.—Resuelto en julio 10, 1917.

Partición de Herencia—Tasación de los Bienes—Aumento en Valor Después de la Tasación—Juramento Respecto al Valor de los Bienes.— Practicadas unas operaciones divisorias bajo la base de una tasación, no argüida de nulidad en la fecha en que tuvo lugar, no pueden luego anularse por el solo motivo de que la valoración se hizo once años antes y ha aumentado por modo notable el valor de los bienes tasados, pues la aprobación de las mismas debe retrotraerse a la fecha en que fueron practicadas, y no es bastante a demostrar el mayor valor que se supone han tenido los bienes la sola afirmación jurada de la parte opositora.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Díaz Navarro* y *Rivera Zayas.*

Abogado de la apelada: *Sr. Francisco González.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Obdulio Delgado Santana, legítimo esposo de Cristina Olmedo, falleció en 2 de noviembre de 1900 bajo testamento otorgado en 30 de mayo del mismo año, en el que instituyó por herederas a sus hijas Petronila, Juana y Eloísa Delgado y Olmedo por partes iguales, mejoró a la Petronila en la suma de $200, legó $100 del tercio de libre disposición a las menores Teresa y María Luisa Villanueva, y dispuso que el resto de ese tercio fuera entregado a Providencia Reyes, madre de los menores Carmen y Narciso, para que fuera distribuído entre éstos.

En 23 de abril de 1901, la viuda Cristina Olmedo promovió el juicio voluntario de testamentaría de Delgado Santana por los trámites de la antigua Ley de Enjuiciamiento Civil; se practicó en 25 de junio del mismo año el inventario de los bienes hereditarios consistentes en un predio rústico de 75 cuerdas 50 centavos, una casa de madera del país y varios semovientes; fué nombrado por orden de 29 de julio de 1905 Tomás

Carrera y Más comisionado para la división de los bienes relictos por el finado; y en junta celebrada ante dicho comisionado en 14 de septiembre del mismo año, a la que asistieron Cristina Olmedo por derecho propio y en representación de sus menores hijas, y Providencia Reyes en concepto de legataria del remanente del tercio de libre disposición, nombró la Cristina Olmedo como perito para la valoración de los bienes a su hermano Lucas Olmedo y Providencia Reyes también para perito a su convecino Juan Delgado. Esos peritos ejercieron en 15 de noviembre de 1905 la función que les fué encomendada, dando un valor de $1,104.50 a los bienes inventariados y figurando en la valoración el predio rústico de 75 cuerdas 50 centavos con un valor de $755 a razón de $10 la cuerda.

Practicadas las operaciones particionales bajo la base de la tasación hecha, sin que pudiera ser satisfecho el legado de Providencia Reyes, fueron presentadas a la corte para su aprobación en 30 de enero de 1906, y en 16 de octubre de 1916 estipularon las partes que se permitiera a la Reyes, a nombre de sus hijos, formular por escrito su oposición al proyecto de división del caudal hereditario presentado por el contador partidor.

Providencia Reyes en 27 de noviembre de 1916, por medio de moción jurada se opuso a la aprobación de las operaciones particionales por la razón de que la finca rústica con la casa había sido valorada hacía once años en $805, siendo su actual valor el de $5,000, por lo que procedía una nueva tasación de los bienes, y que de acuerdo con ella se procediera a la división del caudal y al pago de los legados y deudas.

La moción fué desestimada por orden de 12 de febrero de 1917 por la cual la corte aprobó las operaciones de inventario, avalúo, liquidación y división de los bienes quedados al fallecimiento de Obdulio Delgado Santana, cuyas operaciones serían protocoladas en la notaría del abogado Francisco González Fagundo.

Esa orden ha sido apelada para ante esta Corte Suprema por Providencia Reyes a nombre de sus menores hijos, y alega para sostener el recurso que la valoración de la finca rústica de que se trata, hecha hace más de once años, dándole un valor de $755 cuando actualmente, al tiempo de consumarse la partición, vale $5,000, no puede servir de base a la divisoria practicada con la cual se ha privado a los menores hijos de la apelante de percibir el legado que les fué dejado por el testador, quedando así incumplida la voluntad de éste.

La aprobación de las operaciones particionales de los bienes de Obdulio Delgado Santana debe contraerse a la fecha en que fueron practicadas; y si en esa fecha no adolecían de vicio alguno de nulidad, no vemos como actualmente puedan ser anulladas por una razón que no existía en la fecha en que se practicaron, toda vez que no se afirma que en aquel entonces se cometiera error en la tasación.

Precisamente uno de los peritos que practicaron esa tasación había sido nombrado por Providencia Reyes en representación de sus hijos.

Si con posterioridad a la aprobación de una divisoria aumentara el valor de los bienes objeto de ella, es indudable que no podría anularse la divisoria por ese solo motivo. Tampoco puede anularse una valoración que se estimó justa cuando se practicó sin más razón que la alegada por la parte apelante.

Ocurre, además, que Providencia Reyes no ha tratado de demostrar que la finca rústica de que se trata tenga actualmente el valor de $5,000 que ella le atribuye, y por más que así lo jure, ese juramento no puede por si sólo dar valor indiscutible a su afirmación, la cual se refiere a una apreciación de la recurrente y no a hecho que le pueda constar de propio conocimiento.

Por más que el valor de la propiedad territorial haya aumentado en los últimos años considerablemente y así pueda afirmarse como tesis general, no puede sostenerse que determinada propiedad en particular haya participado de ese beneficio. Podría suceder muy bien que ordenada una nueva ta-

sación de la finca de que se trata no tuviera ésta mayor valor que el que se le ha dado, y así carecería de fin práctico dicha orden.

Es de confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados ·Wolf, del Toro, Aldrey y Hutchison.